UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY C. WILLIAMS  (#469157)

VERSUS                                                    CIVIL ACTION

BURL CAIN, ET AL                                          NUMBER 07-929-RET-DLD


**NOTICE**

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

   In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, ~~February~~ March ____17____, 2009.


_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GREGORY C. WILLIAMS  (#469157)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                   NUMBER 07-929-RET-DLD


### MAGISTRATE JUDGE'S REPORT

Petitioner Gregory C. Williams, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this suit seeking relief under 28 U.S.C. § 2254.

Petitioner was convicted in 2003 of second degree murder following a jury trial in the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana.  Petitioner was sentenced to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence.

The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence. *State of Louisiana v. Gregory Williams*, 2003-1531 (La. App. 1st Cir., 4/2/2004), 870 So.2d 644.  On appeal the petitioner raised a single assignment of error: there was insufficient evidence to support the conviction.  Petitioner sought supervisory review by the Louisiana Supreme Court.  The Louisiana Supreme Court denied review.  *State of Louisiana v. Gregory Williams*, 2004-1309  (La. 10/29/2004), 885 So.2d 586.

Petitioner filed an application for post-conviction relief in the state district court on November 16, 2004.  Petitioner raised the following grounds for relief: (1) trial counsel was ineffective when he failed to interview eye witnesses; (2) trial counsel was ineffective when

1

he failed to interview the petitioner's co-defendant; (3) trial counsel was ineffective when he failed to file a timely motion for a *Prieur* hearing; (4) trial counsel was ineffective for failing to object to other crimes evidence; (5) trial counsel was ineffective for failing to seek supervisory writs on the trial court's denial of his motion for a *Prieur* hearing; (6) trial counsel was ineffective when he failed to object to the lack of an arraignment and for appointed counsel at the arraignment; (7) trial counsel was ineffective when he failed to advise the petitioner of his right to waive a trial by jury; (8) the prosecutor failed to advise the petitioner of his intent to introduce other crimes evidence; (9) the trial court erred in denying his motion for a *Prieur* hearing; (10) trial court erred in admitting other crimes evidence; (11) trial court erred in failing to advise the petitioner of his right to waive a trial by jury; (12) appellate counsel was ineffective when he failed to raise sufficient claims on appeal; and (13) appellate counsel was ineffective when he failed to lodge unspecified portions of the trial record.

On August 25, 2006, the commissioner recommended that the petitioner's application for post-conviction relief be denied. On October 3, 2006, the district court adopted the commissioner's recommendation and dismissed the petitioner's post-conviction relief application.

Petitioner sought writs to the First Circuit Court of Appeal. On December 11, 2006, the appellate court denied writs. *State of Louisiana v. Gregory Williams*, 2006-2170 (La. App. 1st Cir. 12/11/06). Petitioner sought supervisory writs to the Louisiana Supreme Court. The Supreme Court denied writs on November 9, 2007. *State ex rel Gregory Williams v. State of Louisiana*, 2007-0279 (La. 11/9/07).

Petitioner filed his federal habeas corpus application on December 6, 2007.

2

Petitioner urged three grounds for relief: (1) he received ineffective assistance of counsel when counsel failed to investigate and prepare a defense;  (2) he received ineffective assistance of counsel when counsel failed to subpoena alibi witnesses;  and (3) he was denied a copy of his trial transcript  needed to file an effective appeal.

No evidentiary hearing is required.  Although no state court has addressed the issues raised in the petitioner's grounds for relief (1) and (2),  he has technically exhausted his state court remedies as to these claims.  However, claims (1) and (2) are procedurally defaulted and cannot be considered by this court.[1]

**Grounds (1) and (2): Technically Exhausted, Procedurally Defaulted**

In grounds for relief one and two, the petitioner argued that counsel was ineffective when he failed to investigate and prepare a defense and failed to subpoena alibi witnesses.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner.  28 U.S.C. § 2254(b).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court.  *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

To demonstrate compliance with the exhaustion requirement, a habeas applicant

---

[1]  Although the entire state court record was not filed in response to the court's December 26, 2007 order, the portions of the state court record produced are sufficient to determine timeliness of the petitioner's federal habeas corpus application.  Moreover, the dates relied upon to determine timeliness are undisputed by the petitioner.

3

must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts.  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred'", then the claim is procedurally defaulted.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claims are "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted).

Petitioner's technically exhausted claims would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8. This provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief.  Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting

4

the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it. Nor has the petitioner made a showing to support a claim of factual innocence. This court is barred from considering the petitioner's technically exhausted claims.

**Ground (3): Criminal Trial Transcript**

In his third ground for relief, the petitioner argued that he did not receive a copy of his criminal trial transcript needed to appeal his conviction.

A federal habeas court may grant relief when the petitioner is held in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

An indigent defendant has a constitutional right to a free trial transcript or an alternative device that fulfills the same function as a transcript on direct appeal. *Griffin v. Illinois*, 351 U.S. 12, 18-20, 76 S.Ct. 585 (1956). An indigent defendant, however, is not entitled to a free transcript if he had access to the record on direct appeal. *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973).

Petitioner was represented by counsel on direct appeal.  The appellate brief shows that they had access to the trial record as it is replete with references to same.  Because the petitioner failed to show a constitutional violation, he failed to establish an essential element of his federal habeas corpus claim.  This ground for relief is without merit.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the application of petitioner Gregory C. Williams for a writ of habeas corpus be denied.

Baton Rouge, Louisiana, ~~February~~ *March* ___17___, 2009.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

6